UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JORGE LUIS ESPINAL,

                Petitioner,

  -against-                          **MEMORANDUM AND ORDER**
                                             Case No. 11-CV-0163 (FB)
UNITED STATES OF AMERICA

                Respondent.
-----------------------------------------------------------x

*Appearances:*
*For the Petitioner*:  
JORGE LUIS ESPINAL  
*Pro Se*  
FPC-Canaan  
PO Box 200  
Waymart, PA 18472

*For the Respondent*:  
LORETTA LYNCH  
United States Attorney  
Eastern District of New York  
BY:    PATRICIA E. NOTOPOULOS  
           Assistant United States Attorney  
225 Cadman Plaza East  
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Jorge Luis Espinal, proceeding pro se, moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and further moves to amend that motion. The motion to amend is granted but, for the reasons that follow, the amended motion, is denied.

**I**

        On January 14, 2009, Espinal pleaded guilty before Magistrate Judge Azrack to conspiring to import a controlled substance pursuant to a plea agreement. During his allocution, Espinal described how, while working as a baggage handler at John F. Kennedy International Airport ("J.F.K. Airport"), he would receive phone calls telling him where drugs were located on incoming international flights and would relay those messages to

a co-conspirator who would remove the drugs from the planes. In this manner, Espinal knowingly imported over a kilogram of heroin and over five kilograms of cocaine.

The Court sentenced Espinal principally to 120 months of incarceration. Because Espinal had waived his appellate rights, the Second Circuit dismissed his appeal.

## II

Espinal now argues that he received ineffective assistance of counsel and that the government knowingly withheld exculpatory information. In his motion to amend, he lists several further constitutional violations in a conclusory manner.

**a. Ineffective Assistance of Counsel**

Espinal claims his counsel was ineffective for failing to inform the Court during sentencing that he had only forfeited his ability to benefit from the safety valve because he feared for his family's safety. As an initial matter, the Court was aware of threats to Espinal's family – defense counsel informed the Court of these threats in his sentencing submissions and during the sentencing, and the Court considered them in the context of mitigation.

Defense counsel did not claim that these threats warranted application of the safety valve, but this argument would have failed. A defendant who does not meet the statutory requirements is not entitled to the safety valve, regardless of whether his actions were due to duress or coercion. *See U.S. v. Tang,* 214 F.3d 365, 371 (2d Cir. 2000) ("We see no basis for creating a fear-of-consequences exception to the safety valve provision."). Espinal's counsel is not ineffective for failing to raise a meritless argument. *See U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999).

2

**b. Exculpatory Evidence.**

Espinal next claims that the government withheld material exculpatory evidence in violation of its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999).

According to Espinal's affidavit, he met with Christopher Grillo, the attorney for two of his alleged co-conspirators, in September 2009. Grillo showed him "flight itineraries" with Espinal's name that were "apparently provided to [Grillo] by the government in discovery." Espinal Aff. at 3. These records purportedly indicated that Espinal traveled in and out of J.F.K. Airport on certain dates based on computerized flight information entered by a co-conspirator who worked at a Miami airport. To Espinal's "knowledge and belief" the entries could not have been made from Florida. Espinal asserts that the government should have provided him with these flight records – which he believes contained "false entries" – during discovery.

Espinal does not provide copies of these flight records and does not have them in his possession. Based on his description, however, these records are not exculpatory; indeed, they implicate him further. Presumably, Espinal means to argue that his co-conspirator falsified the records, but he does not explain what leads him to believe that his flight information could not have been entered in Florida.

3

Even crediting Espinal's assertion that the government's case was built in part on inaccurate flight records, there is no indication that the government planned to rely on this evidence at trial. Thus, there is no reasonable probability that disclosure of this evidence would have altered his decision to plead guilty. *See Strickler*, 527 U.S. at 280 (1999).

**c. Remaining Claims.**

Espinal's remaining claims are either procedurally barred or plainly meritless. It is well settled that "a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings," *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989), and this waiver includes "any and all non-jurisdictional defects in the indictment," *U.S. v. Moloney*, 287 F.3d 236, 239 (2d Cir. 2002). Thus, Espinal's various arguments regarding deficiencies in the indictment, his right to a speedy trial, and the sufficiency of the government's evidence against him are precluded by his plea.

Espinal's objections to the Court's jurisdiction lack merit. The superseding indictment alleged that he violated various sections of the United States Code – including 21 U.S.C. §§ 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 846, 963, 960(a),(1), 960(b)(1)(a), and 960(b)(1)(B)(ii) – by conspiring to import heroin and cocaine into the United States and distribute it. The Court therefore had jurisdiction under 18 U.S.C. § 3231.

**III.**

Espinal's petition, as amended, is denied in its entirety. Because Espinal has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 5, 2011