UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JORGE LUIS ESPINAL,

                 Petitioner,

  -against-                            **MEMORANDUM AND ORDER**
                                             Case No. 11-CV-0163 (FB)
UNITED STATES OF AMERICA

                 Respondent.
-----------------------------------------------------------x

*Appearances:*
*For the Petitioner:*                           *For the Respondent*:
JORGE LUIS ESPINAL                 LORETTA LYNCH, ESQ.
*Pro Se*                                       United States Attorney
FPC-Canaan                               Eastern District of New York
PO Box 200                                BY: PATRICIA E. NOTOPOULOS, ESQ.
Waymart, PA 18472                         Assistant United States Attorney
                                                    225 Cadman Plaza East
                                                    Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

       On January 14, 2009, Jorge Louis Espinal pleaded guilty to conspiring to import over a kilogram of heroin and over five kilograms of cocaine. On December 5, 2011, this Court denied his amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Mem. & O. of Dec. 5, 2011 ("Dec. 5 Order"). Espinal now moves, pro se, for the Court to reconsider that order pursuant to Federal Rules of Civil Procedure

60(b) and 60(d) and, on reconsideration, grant him leave to amend his § 2255 petition pursuant to Federal Rule of Civil Procedure 15.[1]

A Rule 60 motion that raises new claims or challenges the Court's previous determination on the merits is properly treated as a successive habeas petition, which must be certified by the Court of Appeals. *See* 28 U.S.C. § 2255(h); *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Only claims that address "some defect in the integrity of the federal habeas proceedings" may be the subject of a Rule 60 motion. *Id.* at 532. If the motion attacks the underlying conviction, the Court can either treat it as a "second or successive" habeas petition and transfer it to the Second Circuit or "the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60[].'" *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Espinal maintains that the integrity of his habeas proceeding was flawed because the Court failed to consider his claims (1) that his speedy trial rights were violated; (2) that the court of conviction lacked subject matter jurisdiction; (3) that the indictment was defective; (4) that he participated in the drug importation scheme only under duress; and (5) that his counsel was ineffective for failing to raise these issues.

---

[1]Espinal does not specify which provisions of Rules 60(b) and (d) he is invoking. Based on the substance of his arguments, the Court understands the motion to be made pursuant to Rule 60(b)(3), which permits relief from a judgment for "fraud . . . , misrepresentation, or misconduct by an opposing party"; Rule 60(b)(6), which allows reconsideration for "any other reason that justifies relief"; and Rule 60(d)(3), which provides that Rule 60 does not limit the Court's power to "set aside a judgment for fraud on the court."

2

As the Court stated in its December 5 Order, Espinal waived non-jurisdictional defects in the criminal proceeding – including any speedy trial violations and flaws in the indictment – by pleading guilty. *See United States v. Moloney*, 287 F.3d 236, 239 (2d Cir. 2002)*; Lebowitz v. United States*, 877 F.2d 207-209 (2d Cir. 1989). The plea was an admission of guilt and Espinal cannot now raise a potential justification defense. *See U.S. v. Brinkworth*, 68 F.3d 633, 637 (2d Cir. 1995). Moreover, the Court had subject matter jurisdiction over the criminal case because Espinal was charged with violating federal law. *See* 18 U.S.C. § 3231.

With respect to Espinal's ineffective assistance of counsel claim, his § 2255 motion focused on counsel's failure to raise the issue of duress during sentencing. Nevertheless, reading Espinal's pro se submissions liberally, *see Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003), the Court will treat the claim as raised in the prior motion and address it on the merits.

Espinal did not demonstrate in his § 2255 motion that his attorney failed to raise substantial issues or otherwise performed below "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), much less that there is a reasonable probability that, but for any such error, he "would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhard*, 474 U.S. 52, 57-58 (1985). First, contrary to Espinal's assertion, he was timely indicted under the Speedy Trial Act: he was arrested on October 16, 2007, and indicted within 30 days, on November 13, 2007. *See* 18 U.S.C. § 3161(b). Following his indictment, time was excluded from the speedy trial clock on defendant's consent and, later, on the Court's designation of the case as complex for

3

speedy trial purposes. *See* 18 U.S.C. § 1361(h). Thus, Espinal's counsel did not fail to alert him to a speedy trial violation.

Second, Espinal cannot show that he was prejudiced by counsel's failure to point out any deficiencies in the indictment. Even if, as Espinal maintains, the superceding indictment was never submitted to the grand jury and the foreperson's signature on it was forged, counsel's objection would have resulted in a new indictment. Nor was counsel ineffective for failing to argue that the indictments were duplicitous, as this argument would have failed. Both the original and superceding indictment contained two counts – conspiring to import controlled substances and conspiring to distribute and possess with intent to distribute controlled substances – neither of which rolled multiple crimes into a single count. *See United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992) ("An indictment is duplicitous if it joins two or more distinct crimes in a single count."); *Braverman v. United States*, 317 U.S. 49, 54 (1942) ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous"). Finally, counsel was not ineffective for failing to challenge the Court's jurisdiction, as there were no grounds to do so.

The remaining claims in Espinal's motion are raised for the first time and therefore beyond the scope of Rule 60(b). *See Harris*, 367 F.3d at 81.[2] He must seek

---

[2]This includes Espinal's claims that (1) he pleaded guilty without knowing the elements of the crime or understanding the nature of the charges against him; (2) one cannot plead guilty to a conspiracy charge because there is no fixed definition of conspiracy; (3) there was no valid lab report to prove that he was importing drugs; (4) the statute of limitations expired prior to his indictment; and (5) the Court erred in sentencing him because, of the multiple drugs he pleaded guilty to importing, he was entitled to be sentenced only under the guideline provision for the one that carried the lightest penalty.

4

certification from the Court of Appeals before this Court has jurisdiction to consider them. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).

Accordingly, Espinal's motion for reconsideration is denied.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 3, 2012